

SO ORDERED.

SIGNED this 28 day of June, 2007.

_____

**A. Thomas Small**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

**CASE NO.**

IN RE:

**07-00348-5-ATS**

CATHY ALLEN GUNTER

    DEBTOR

### ORDER DENYING MOTION FOR RELIEF FROM STAY, MOTION FOR MANDATORY OR DISCRETIONARY ABSTENTION AND MOTION FOR REMAND

The matters before the court are the motions filed by Joan D. Puls for relief from the automatic stay, for mandatory or discretionary abstention, and for equitable remand. A hearing took place in Raleigh, North Carolina on June 26, 2007.

Cathy Allen Gunter filed a petition for relief under chapter 7 of the Bankruptcy Code on February 22, 2007. The movant, Ms. Puls, holds a judgment against Larry Moore Branch entered in November 2006. Ms. Puls obtained an order of attachment in November 2004, pursuant to which she sought to attach property owned by Mr. Branch in Brunswick County, North Carolina. There is some question whether the Brunswick County sheriff properly levied on the property and whether any levy was properly noticed. In March 2005, Mr. Branch transferred the Brunswick County property to the debtor, at which

time Ms. Gunter executed a deed of trust in favor of SunTrust Bank, granting it a lien on the property in the amount of $600,000. After Ms. Puls obtained her judgment against Mr. Branch, she sought to execute on the Brunswick County property. Ms. Puls maintains that the judgment relates back to the order of attachment issued in 2004. SunTrust and the trustees under the deed of trust filed an action to quiet title in Brunswick County, contending that the attachment was not properly executed and thus no lien attached to the property. After it learned of Ms. Gunter's bankruptcy petition, SunTrust removed the action to the United States District Court for the Eastern District of North Carolina and transferred it to this court. While the motion to transfer was pending, Ms. Puls filed the instant motions to return the matter to the state court.[1]

Ms. Puls contends that there is no equity in the property, and thus the action will have no impact on the administration of the estate. It also contends that this is a "non-core" proceeding, and that only state law issues are implicated. SunTrust and the chapter 7 trustee oppose the motion, contending that there is significant equity in the property, that determinations of the priority and validity of liens are core proceedings, that the property is property of the estate, and that the outcome of the litigation will have a significant impact on the estate.

The court agrees that this is a core proceeding and that the property is property of the estate over which the court has exclusive jurisdiction. This court can hear the matter expeditiously to determine the priority and validity of the claimed liens. Accordingly, the motions for relief from stay, for mandatory or

---

[1] Because the instant motions were filed before the action was actually transferred to this court, the motions were filed in Ms. Gunter's underlying bankruptcy case, and not in the adversary proceeding. The adversary proceeding is <u>SunTrust v. Gunter</u>, Adv. Pro. No. S-07-00074-5-AP.

2

discretionary abstention, and for equitable remand are **DENIED**.  A scheduling order has been entered in the adversary proceeding.

       **SO ORDERED**.

**END OF DOCUMENT**
