

**SO ORDERED.**

**SIGNED this 22 day of April, 2008.**

_____
**A. Thomas Small
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| CATHY ALLEN GUNTER | 07-00348-5-ATS |
| DEBTOR | |

### ORDER DETERMINING PROPERTY TO HAVE BEEN ABANDONED
### AND DENYING MOTION FOR RELIEF FROM ORDER

The matters before the court are the motion filed by SunTrust Mortgage, Inc. to determine the status of abandonment and the motion filed by Joan Puls for relief from this court's order dated June 28, 2007. A hearing took place in Raleigh, North Carolina on April 16, 2008.

Cathy Allen Gunter filed a petition for relief under chapter 7 of the Bankruptcy Code on February 22, 2007, and Gregory B. Crampton was appointed trustee. Among the assets listed on Ms. Gunter's schedules is a house located at 41 Richmond Street, Ocean Isle Beach, Brunswick County, North Carolina. Ms. Gunter acquired title to the property by general warranty deed from Larry "Will" Moore Branch dated August 16, 2005, and recorded on August 17, 2005. SunTrust financed the purchase by Ms. Gunter, and holds two deeds of trust that encumber the property and that were recorded in Brunswick County on August 17, 2005. Ms. Puls obtained a judgment against Mr. Branch on October 18, 2006, and she contends that the property was levied upon on November 17,

2004, by the Brunswick County Sheriff pursuant to an order of attachment dated November 10, 2004. According to Ms. Puls, her judgment lien has priority over the liens of SunTrust.

On February 9, 2007, SunTrust filed a lawsuit in the Superior Court of Brunswick County, North Carolina, to quiet title. That action was removed by SunTrust to this court after Ms. Gunter filed her bankruptcy petition. Ms. Puls wanted the quiet title litigation to be resolved in the North Carolina state court and filed a motion for relief from stay, a motion for abstention and a motion for remand to return the matter to the state court. The court held that the Ocean Isle house was property of the estate over which the bankruptcy court had exclusive jurisdiction and that the quiet title action was a core proceeding that should be decided by the bankruptcy court. Ms. Puls' motions were denied on June 28, 2007, and she now seeks relief from that order.

Both SunTrust and Ms. Puls filed motions for summary judgment in the adversary proceeding and a hearing was held on December 13, 2007. The court ruled that the statutory requirements for levy had not been met and that no lien arose from the order of attachment. Summary judgment was granted in favor of SunTrust on December 21, 2007, and a judgment was entered the same date determining that the record title to the Ocean Isle property is vested solely in Ms. Gunter, subject to the valid liens of SunTrust, but not subject to any lien, claim or interest asserted by Ms. Puls. The judgment further provided that the judgment lien claimed by Ms. Puls is unenforceable against the property. On December 31, 2007, Ms. Puls filed a motion for relief from the order entered on June 28, 2007, a motion to amend the order and judgment, and a notice of appeal of the summary judgment order and judgment.

The basis for seeking relief from the order denying the motion for abstention and remand and for the motions to amend the summary judgment order and judgment is that the Ocean Isle house

2

was abandoned by the trustee before the court entered the order for summary judgment and judgment. Ms. Puls argues that the property was abandoned on December 17, 2007, after the hearing on December 13, but before the summary judgment order and judgment were entered on December 21. She maintains that after abandonment the court no longer had jurisdiction to rule in the adversary proceeding. Ms. Puls is correct that the property was abandoned on December 17, but it is not correct that the court lost its jurisdiction over the adversary proceeding.

Section 554 of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554. Rule 6007 of the Federal Rules of Bankruptcy Procedure provides that a trustee shall give notice of a proposed abandonment and that a party in interest may file and serve an objection within 15 days of the mailing of the notice, or within the time fixed by the court. Rule 9006(f) of the Federal Rules of Bankruptcy Procedure provides that an additional 3 days are added to the prescribed period of 15 days if service of the notice is by mail. It is the practice in Eastern District of North Carolina, as it is in most districts, that if no responses are filed within the 18-day period, the abandonment is effective without the entry of an order of abandonment.

In this case, Mr. Crampton, the trustee, received complaints about the upkeep of the Ocean Isle property, and, believing that there was no equity in the property, he filed and served a notice of abandonment on November 29, 2007. No responses were filed and the property was abandoned effective on December 17, 2007, 18 days after the filing and service of the notice.

SunTrust, counsel for SunTrust and counsel for Ms. Puls were served with the notice of abandonment, but neither SunTrust nor Ms. Puls filed an objection to the abandonment nor did they

object to the court hearing or deciding the adversary proceeding to quiet title. Had the court known that abandonment of the property would lead to a challenge to the court's jurisdiction to decide the adversary proceeding, it could simply have delayed the abandonment for a few days until after the summary judgment order and judgment were entered.

The court's jurisdiction regarding the adversary proceeding, however, does not depend on whether or not the property is property of the estate or whether or not the property has been abandoned. Section 1334(e)(1) of Title 28 of the United States Code confers exclusive jurisdiction to the district court (which the district court transfers to the bankruptcy court pursuant to a general order of reference) of all property of the estate and of all property of the debtor as of commencement of the case. When the Ocean Isle property was abandoned it ceased to be property of the estate, but it was still property of the debtor over which this court has jurisdiction.

In its order of June 28, 2007, the court determined that the Ocean Isle house was property of the estate and that the removed action to quiet title was a core proceeding under 28 U.S.C. § 157(b)(2)(K) (determination of the validity, extent or priority of liens). The adversary proceeding to quiet title is still a core proceeding even after abandonment.

Although an adversary proceeding to resolve a dispute between two competing lienholders involving property that is property of the debtor but is not property of the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(K), the court would likely abstain from hearing the adversary proceeding if the outcome would not affect the estate or the debtor. In this case, however, it would make no sense for the court to abstain because the motions for summary judgment had been heard and all that remained was the court's ruling. Furthermore, the adversary proceeding is also a core

proceeding under other subsections of 28 U.S.C. § 157(b)(2), and the outcome of the proceeding may affect how the assets of the estate are distributed.

Ms. Puls contends that the adversary proceeding cannot affect the administration of the estate because there are insufficient funds in the estate to pay the administrative and priority claims, and a determination of whether SunTrust is fully secured or largely unsecured will not matter to the bankruptcy estate. The trustee confirmed that there are currently insufficient funds in the estate to provide a dividend to unsecured creditors, but he has not yet determined whether to object to Ms. Gunter's discharge, and it is possible that more funds will become available. Based on the court's summary judgment order, SunTrust appears to have a fully secured claim and would not have an unsecured claim. If Ms. Puls were to prevail in the adversary proceeding, however, Sun Trust would be the largest unsecured creditor of the estate, and its claim would certainly affect any distribution received by the other unsecured creditors. Accordingly, in addition to being a core proceeding under 28 U.S.C. § 157(b)(2)(K), the adversary proceeding is also a core proceeding under § 157(b)(2)(A) (matters concerning the administration of the estate), § 157(b)(2)(B) (allowance or disallowance of claims against the estate), and § 157(b)(2)(O) (other proceedings affecting the adjustment of the debtor-creditor relationship).[1]

---

[1] If the adversary proceeding is not a core proceeding, Ms. Puls has in effect consented to this court's entry of final orders and judgments by not objecting to the abandonment. Additionally, the summary judgment order and judgment in favor of SunTrust, which are on appeal to the district court, will be reviewed de novo, the same standard that would be applied had this court entered proposed findings of fact and conclusions of law in a "non-core," "related to" proceeding pursuant to § 157(c)(1).

Accordingly, the Ocean Isle property has been **ABANDONED**, and Ms. Puls' motion for relief from the order of June 28, 2007, is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**